IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTERSTEN WADE, as the Administrator
of the Estate of Dexter Wade and
in her individual capacity,

    PLAINTIFF

VS.                                                    3:25-cv-237-KHJ-MTP

HINDS COUNTY, MISSISSIPPI,
and JACKSON POLICE DEPARTMENT

    DEFENDANTS.

## COMPLAINT

Plaintiff, Bettersten Wade, as the Administrator of the Estate of Dexter Wade, sues the Jackson Police Department and Hinds County, Mississippi for negligence and deprivation of her constitutional rights, and in support states as follows:

## PARTIES

1. Plaintiff, Bettersten Wade ("Plaintiff") is an adult resident of Hinds County, Mississippi, and the administrator of the Estate of Dexter Wade. Ms. Bettersten Wade resides at 2611 Glenn Street, Jackson, MS 39204.

2. The decedent, Dexter Wade, was a United States citizen and resident of Hinds County, Mississippi.

3. Defendant Hinds County, Mississippi ("Hinds County") is a governmental entity organized under the laws of the State of Mississippi. Hinds County may be served with the process

1

by serving Eddie Jean Carr, Hinds County Chancery Court Clerk, 316 South President St., Jackson, MS 39201.

4. Jackson Police Department is a governmental entity organized under the laws of the State of Mississippi. Jackson Police Department may be served with the process by serving Eddie Jean Carr, Hinds County Chancery Court Clerk, 316 South President St., Jackson, MS 39201.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the United States Constitution and 42 U.S.C. § 1983. Plaintiff is seeking redress for deprivation of her constitutionally protected property rights, which is a violation of the Fourteenth Amendment's prohibition against due process.

6. Venue is proper in the United States District Court for the Southern District of Mississippi, because all of the acts complained of in this Complaint occurred in Hinds County, Mississippi which is within the Court's jurisdiction.

7. Plaintiff complied with all statutory notice requirements.

## FACTUAL ALLEGATIONS

8. Dexter Wade was a 37 years old when his life was taken by the Jackson Police Department. He is survived by his children, siblings, and loving mother.

9. Bettersten Wade saw her son for the last time on March 5, 2023, when he walked out her front door.

10. An hour later, Dexter Wade was walking down the street when a law enforcement officer employed by Jackson Police Department fatally struck him with his SUV.

11. Bettersten Wade was so close to her son that it was uncharacteristic for Dexter Wade to go too many days without calling her, so she was concerned.

12. After nine days passed with no word from her son, Bettersten Wade reported Dexter Wade missing with the Jackson Police Department. She filed an official report, provided her phone number and address to the officers.

13. Bettersten Wade was told that the County would look for Dexter Wade, and she reasonably expected that the County would provide information about her son's whereabouts.

14. For months, Bettersten Wade prayed and searched for her son, hearing nothing from the County.

15. Bettersten Wade persistently contacted the Jackson Police Department for information, to no avail.

16. At all times material hereto, however, the Jackson Police Department, Hinds County Coroner's Office, and the Hinds County Board of Supervisors knew or should have known exactly where her son was, because Dexter Wade's body was being held in the local morgue, which is owned, operated, and managed by the County.

17. Upon information and belief, an investigator from the Hinds County Coroner's Office confirmed Dexter Wade's identity by using his fingerprints, on or before March 9, 2025, before Bettersten Wade filed the missing person report.

18. Pursuant to Mississippi Code Annotated, the Board of Supervisors is responsible for corpses that are not claimed for burial or cremation after forty-eight hours.

19. By law, the Board of Supervisors is required to "make **reasonable efforts** to notify members of the decedent's family or other known interested persons" before burying a corpse.

20.    There is no doubt that Bettersten Wade would have claimed her son's body if she was contacted.

21.    Despite multiple forms of identification on his person, statutory requirements to contact his next-of-kin, a missing person report with Ms. Wade's contact information, the County buried Dexter Wade at the Hinds County Pauper's Cemetery in July of 2023, without notifying his mother.

22.    Hundreds of unclaimed corpses are buried at the Hinds County Pauper's Cemetery. The bodies are identified only by numbered metal rods in the ground.



23.    After five months of not knowing where her son had been, Bettersten Wade was finally told that Dexter Wade's body lay less than an hour away from her home, in a plot, behind the county penal farm.

24. To the County, her son was "672."

25. In order to give her dearest son a respectable homegoing, Bettersten Wade immediately went to the Hinds County Pauper's Cemetery, walked past several metal rods to find her son, and exhumed his body from the unlabelled plot.

26. Because Hinds County failed to make even the smallest effort to look through their own records, Ms. Bettersten Wade bore the unimaginable weight of burying her child, and lives with the trauma of digging him up.

27. Ms. Bettersten Wade has never waived her right to possess Dexter Wade's corpse for a proper burial.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

28. Each of the preceding paragraphs are incorporated herein.

29. Under the Fourteenth Amendment of the United States Constitution, no state shall deprive any person of "life, liberty, or property, without due process of law."

30. Pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*See* 42 U.S.C. § 1983.

31. Miss. Code Ann. §41-39-5 established for the decedent's next of kin a property right to the decedent's corpse for the exclusive purpose of providing a proper burial.

> A dead human body which is not claimed for burial or cremation within forty-eight hours shall become the responsibility of the Board of Supervisors of the county in which the dead body is located. The Board of Supervisors **shall make reasonable efforts** to notify members of the decedent's family or other known interested persons, and, if the dead body is not claimed for burial or cremation by any interested person within five days, the Board of Supervisors shall, as soon as it may think appropriate, authorize and direct the burial or cremation and burial of the residue of such dead body.

*See* Miss. Code Ann. § 41-29-5 (Emphasis added).

32. Mississippi law grants Bettersten Wade this possessory right to the decedent's body for preparation, burial, and mourning, and she cannot be deprived of such a right without due process of law.

33. From the moment Dexter Wade was killed, his body was in the custody of Hinds County.

34. The Hinds County Board of Supervisors' failure to use reasonable efforts to contact Plaintiff, as required by Mississippi law, deprived Bettersten Wade of her constitutionally protected property rights to the corpse.

35. At all times material hereto, Hinds County was acting under the color of law when they deliberately failed to notify Ms. Bettersten Wade of her son's death, the cause of death, and burial site in the unmarked grave at Hinds County Pauper's Cemetery.

36. Defendant Hinds County's failure to use reasonable efforts to notify Bettersten Wade and deliberate interference with her right to bury her son is so egregious that it shocks the conscience of any reasonable person.

## COUNT II
## NEGLIGENCE AGAINST HINDS COUNTY

37. Each of the preceding paragraphs are incorporated herein.

38. Mississippi law and the principles of common decency impose a duty upon the Hinds County Board of Supervisors to contact the decedent's next-of-kin to claim the body of their loved one:

> A dead human body which is not claimed for burial or cremation within forty-eight hours shall become the responsibility of the Board of Supervisors of the county in which the dead body is located. The Board of Supervisors shall **make reasonable efforts** to notify members of the decedent's family or other known interested persons, and, if the dead body is not claimed for burial or cremation by any interested person within five days, the Board of Supervisors shall, as soon as it may think appropriate, authorize and direct the burial or cremation and burial of the residue of such dead body.

Miss. Code Ann. §41-39-5 (Emphasis added).

39. At all times material to, the Board of Supervisors had the necessary resources and access to information to identify Dexter Wade.

40. At all times material hereto, Dexter Wade possessed several forms of identification. When Mr. Wade was fatally struck by the Hinds County Police Department issued vehicle, he was carrying his driver's license. When his body was examined by the Hinds County medical examiner, his driver's license was in the pocket of the pants he had been wearing at the time of his death. A cursory look at Dexter Wade's driver's license would have revealed Bettersten Wade's address.

41. A fingerprint search revealed and confirmed Dexter Wade's identity.

42. No agent of the Hinds County Board of Supervisors, Jackson Police Department, or the Hinds County Coroner's Office went to the address clearly listed on Dexter Wade's driver's license.

43. In direct violation of the duty imposed by Miss. Code Ann. §41-39-5, no reasonable effort was made.

44. Bettersten Wade was never notified by any agent of the Hinds County Board of Supervisors, Jackson Police Department, or the Hinds County Coroner's Office **prior** to her son being buried in the Hinds County Pauper's Cemetery.

45. Due to Hinds County Board of Supervisors' failure to notify her of her son's death and interference with her ability to claim her son's body, Bettersten Wade suffered great harm, including severe mental anguish and emotional distress. Bettersten Wade was precluded for months from providing an honorable burial service for her son and her grief was further exacerbated by the false and conflicting information provided by the County.

46. The Hinds County Board of Supervisors knew or should have known that their failure to notify the Plaintiff of her son's death, cause of death, and burial site for such an extended period of time would cause severe emotional distress.

47. Due to the Hinds County Board of Supervisors' failure to use reasonable efforts to notify Bettersten Wade, Plaintiff incurred expenses that exceed the jurisdictional limits.

## COUNT III
## NEGLIGENCE AGAINST JACKSON POLICE DEPARTMENT

48. Each of the preceding paragraphs are incorporated herein.

49. On March 9, 2023, an employee of the Jackson Police Department fatally struck Dexter Wade with his government-issued police Cruiser.

50. The Jackson Police officer's operation of the Cruiser created a foreseeable zone of risk that placed Dexter Wade in great peril.

51. At all times material hereto, the Jackson Police officer owed a duty to exercise reasonable care in operating the Cruiser, which included the duty to drive with due regard for the safety of pedestrians including Dexter Wade.

52. The Jackson Police officer breached his duty of care in a manner exhibiting wanton and willful disregard of human rights, safety, and property:

    a. Operating the Cruiser at an unreasonably dangerous rate of speed;
    b. Failing to operate the Cruiser within the applicable speed limit;
    c. Driving while distracted;
    d. Failing to maintain reasonable vigilance;
    e. Failing to maintain proper control over the Cruiser;
    f. Failing to warn by properly using an audible signal by siren, exhaust whistle, or
    g. other adequate device or a visible signal by the use of displayed blue or red lights;
    h. Failing to yield the right of way;
    i. Failing to operate the Cruiser in compliance with state and local traffic laws;
    j. Deviating from the reasonable and expected standards of care of law enforcement
    k. agencies; and
    l. Crashing the Cruiser into Dexter Wade.

53. This officer's negligent conduct was the proximate and actual cause of Dexter Wade's death.

54. Minutes after being struck by the Jackson Police Department's cruiser, Dexter Wade was pronounced dead.

55. At all times material hereto, this cruiser was owned by the Jackson Police Department.

56. Thus, at all times material hereto, the Jackson Police Department had a non-delegable duty to ensure the Cruiser was operated safely.

57. Jackson Police Department is vicariously liable for the negligence of their officer.

58. The negligent conduct of the Jackson Police Department caused Plaintiff significant financial loss to exceed the jurisdictional limits, severe mental anguish and emotional distress.

## JURY TRIAL DEMAND

**WHEREFORE**, PREMISES CONSIDERED and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury and judgment for compensatory damages and punitive damages against Defendant in an amount which exceeds the jurisdictional limits.

Respectfully submitted,

By: */s/ Van D. Turner, Jr.*
Van D. Turner, Jr. (TN BAR No. 022603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
(901) 290-6610
(901) 290-6611
vturner@turnerfeildlaw.com

/s/ Benjamin Crump
Benjamin Crump, Esq.
FBN: 72583
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
court@bencrump.com
*pro hac vice pending*

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
sueann@bencrump.com
*pro hac vice pending*

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.

FBN: 1025840
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@bencrump.com
*pro hac vice pending*

*Attorneys for Plaintiff*